UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT H. O.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 2:19-cv-07685-AFM <br><br> **MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** |

Plaintiff filed this action for review of the Commissioner's final decision denying his applications for a period of disability, disability insurance benefits and supplemental security income. In accordance with the Court's case management order, the parties have filed briefs addressing the merits of the disputed issue. The matter is now ready for decision.

## BACKGROUND

On May 30, 2014, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning October 29, 2012.

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

(Administrative Record ("AR") 218-221; 222-227.) His applications were denied initially and upon reconsideration. (AR 64-74; 75-85; 86-97; 98-106; 134-135.) Thereafter, at Plaintiff's request, an Administrative Law Judge ("ALJ") conducted an oral hearing on September 27, 2016 – at which Plaintiff (represented by counsel) and a vocational expert testified. (AR 186-205.) The ALJ issued an unfavorable decision on November 2, 2016. (AR 20-34.) On August 2, 2017, Plaintiff filed a complaint in this Court for review of the final decision of the Commissioner. On May 18, 2018, the Court reversed the Commissioner's decision and remanded the case to the Commissioner for further proceedings. (AR 734-744.)

On remand, the ALJ conducted a further hearing, at which Plaintiff (represented by counsel) and a vocational expert testified. (AR 683-704.) On July 5, 2019, the ALJ issued a decision (AR 664-682) in which the ALJ found severe impairments of gouty arthritis, small fiber neuropathy, and hypertension, but no impairment met or equaled the severity of a listed impairment. The ALJ further found that Plaintiff had the residual functional capacity (RFC) to perform light work, except: no climbing ladders, working at unprotected heights, or operation of hazardous machinery; occasionally climb stairs, balance, stoop, kneel, crouch, crawl; change position every 30 minutes but while remaining at the workstation.  Based on this RFC and the testimony of the vocational expert, the ALJ found that Plaintiff was not disabled because he was capable of performing his past relevant work as a customer service representative. The ALJ's decision on remand became the final decision of the Commissioner after sixty days, and this timely civil action followed.

## DISPUTED ISSUE

Whether the ALJ provided legally sufficient reasons for giving little weight to the opinion of Plaintiff's treating physician, Matthew Root, M.D.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial

evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Under the substantial-evidence standard, this Court asks whether the administrative record contains sufficient evidence to support the Commissioner's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). As the Supreme Court observed in *Biestek*, "whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high." *Id*. It means "more than a mere scintilla" but less than a preponderance and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

### I.  Relevant Law

In determining a claimant's RFC, an ALJ must consider all relevant evidence of record, including medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see* 20 C.F.R. § 404.1527(b). As a general rule, a treating physician's opinion is entitled to "substantial weight." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Nevertheless, the ALJ is not bound to accept the opinion of a treating physician. In *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020), the Ninth Circuit recently summarized the law regarding assessment of a treating physician's opinion:

> If a treating physician's opinion is not contradicted by other evidence in the record, the ALJ may reject it only for "clear and convincing" reasons supported by substantial evidence in the record. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). But "if the treating doctor's opinion is contradicted by another doctor," the ALJ may discount the treating physician's opinion by giving "specific and

3

legitimate reasons" that are supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957.

## II.  Analysis

On October 17, 2014, Dr. Root completed a medical source statement. In that statement, Dr. Root stated that he began treating Plaintiff earlier that year and that he saw him monthly for joint damage and chronic pain from gout. (AR 422.) Dr. Root opined that Plaintiff could stand, walk, and sit for less than two hours in an 8-hour day, needed to shift positions at will, and needed to use a cane or other assistive device, could occasionally lift 10 pounds or less, could never twist, stoop, crouch, squat, climb ladders or stairs; and has significant limitation with reaching, handling, or fingering. (AR 423-424.) Dr. Root concluded that Plaintiff cannot handle even low stress jobs due to the constant pain and would miss more than four days per month due to his impairments/treatment. (AR 424.)

As to Dr. Root's opinion, the ALJ stated at AR 675 of her decision on remand:

> [T]he undersigned gives little weight to the opinion of Dr. Root at Exhibit B5F as the limitations that are overly restrictive in light of the minimal symptoms in the record. For example, in October 2014, the claimant told Dr. Root that his pain was only a level 3 (Exhibit B16F at 98). In February 2015, the claimant told Dr. Root that his pain was only a level 3 (Exhibit B16F at 86). Additionally, the claimant did not frequently see Dr. Root, but was seen more often by physician assistant Brown and other providers (Exhibit B16F). In September 2017, the claimant's primary provider, physician assistant [PA] Root [sic], stated that the claimant has managed his pain well for many years on medication. (Exhibit B17F at 35). Dr. Root's opinion is not well supported by the objective evidence and inconsistent with the treatment recommendations that the claimant taper his medication and walk for exercise. (Exhibit B17F).

Because Dr. Root's opinion was controverted by the opinions of two State agency physicians, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence in the record before rejecting it. As discussed below, the Court concludes that the ALJ properly did so.

The ALJ found Dr. Root's opinion to be overly restrictive in light of Plaintiff's minimal symptoms in the record and not supported by the objective evidence. (AR 675.) An ALJ may properly reject a treating physician's opinion that is unsupported by clinical findings. *See Chaudhry v. Astrue,* 688 F.3d 661, 671 (9th Cir. 2012); *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009); 20 C.F.R. § 404.1527(c)(3)-(c)(4) (supportability and consistency are factors relevant to the weight afforded a medical opinion). Here, the ALJ cited an October 2014 medical report in which Plaintiff said he had a pain level of only 3 out of 10. (AR 675, 975.). In February 2015, the same pain level was again reported by Plaintiff. (AR 963.) These were not isolated instances: The ALJ's summary of the medical evidence cited numerous treatment records where Plaintiff reported minimal pain with no side effects from his pain medication. – including adequate pain relief after tapering his medication. (AR 674.) As discussed by the ALJ, the evidence further reflected that Plaintiff's imaging and diagnostic studies failed to show significant worsening over time. (AR 673-674.)

In response, Plaintiff emphasizes that he had a pain level of 3 only due to medication. However, the fact that medication allowed Plaintiff to function with little pain does not undermine the ALJ's conclusion regarding Dr. Root's opinion. An ALJ may properly reject a physician's opinion where the record shows that the claimant's symptoms improved with medication and treatment. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). "Impairments that can be controlled effectively with medication are not disabling…." *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006). In the pages directly proceeding her discussion of Dr. Root, the ALJ referenced numerous treatment records showing that Plaintiff had a successful

response to his pain medication over an extended time without side effects. (AR 673-674.) And while Plaintiff notes medical reports of an abnormal gait and x-rays showing changes due to gouty arthritis, the ALJ's decision also cites to evidence supporting the finding of no significant worsening in the imaging and diagnostic studies over time (AR 674): "The imaging and diagnostic studies do not show any significant worsening of the claimant's condition. For example, EMG was normal (Exhibit B16F at 14). X-rays in March 2019 revealed stable or only slight progression in the findings in the bilateral feet, wrists and knees (Exhibit B18F)." Although an ALJ may not reject a physician's opinion by selectively relying on some evidence while ignoring other evidence, the ALJ here discussed significant probative evidence in summarizing the medical record; it was not error to fail to "discuss every piece of evidence." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

The ALJ also found Dr. Root's opinion should be given little weight because it was "inconsistent with the treatment recommendations that the claimant taper his medication and walk for exercise." (AR 675.) Plaintiff challenges this reason, but there is no dispute that Plaintiff was advised by PA Brown to reduce his medication and to walk for exercise. It was logical and reasonable for the ALJ to conclude that these recommendations would not have been made unless Plaintiff had more functional capabilities than the extreme limitations found in Dr. Root's opinion.

Finally, Plaintiff contends that Dr. Root's opinion should have been credited because it was consistent with opinions of PA Brown. As the ALJ acknowledged, PA Brown saw Plaintiff much more frequently than Dr. Root did. The ALJ's decision, however, gave little weight to the opinions of PA Brown because they were "inconsistent with the evidence of record . . . showing that the claimant was generally well-maintained on medication . . . [and] as the quite severe limitations in the opinion are inconsistent with the more recent objective studies showing stable or only slight progression in the findings in the bilateral feet, wrist and knees . . . ." (AR 675.) As discussed above, these findings regarding medication and progression in imaging

findings were supported by substantial evidence. Under the regulations, PA Brown was an "other source," and the ALJ needed to provide only "germane reasons" sufficient to discount her opinions. (AR 675.) *See* 20 C.F.R. § 404.1513(d); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted). By pointing to Plaintiff's successful results with pain medication and the objective evidence being inconsistent with PA Brown's more severe limitations, the ALJ provided the necessary germane reasons to accord little weight to the opinions of PA Brown. Thus, those opinions do not serve to bolster Dr. Root's opinion.

\* \* \*

Complying with Ninth Circuit law, the ALJ met the requisite specific and legitimate standard for discounting the treating physician's opinion in "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo*, 871 F.3d at 675 (citations and internal quotation marks omitted). While Plaintiff disagrees with the ALJ's findings as to certain of the medical evidence, the ALJ's decision must be upheld where, as here, the evidence is susceptible to more than one rational interpretation and the ALJ's findings are supported by substantial evidence. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**ORDER**

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: 9/25/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE